```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   OCALA DIVISION
```

BRIAN BRAMAN THOMAS,

        Petitioner,

v.                                    Case No. 5:19-cv-411-Oc-39PRL

WARDEN, FCC COLEMAN,

        Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this case by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Pet.).[1] Petitioner challenges his 2017 conviction in the United States District Court for the Southern District of Florida pursuant to a plea agreement. See Pet. at 1. See also Southern District Case No. 16-20695-MORENO. Petitioner pled guilty in part to possession of ammunition by a convicted felon under 18 U.S.C. § 922(g)(1). Id.

Following his conviction, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the Southern District, which the Court denied. See Southern District Case No. 1:16-cr-20695-FAM. Thereafter, Petitioner sought permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion,

---

[1] Petitioner is now housed at Miami Federal Correctional Institution. However, when he filed his Petition, he was housed at FCC Coleman, a correctional institution in this division.

which the court of appeals denied. See Eleventh Circuit Case No. 19-10073. Petitioner now seeks to challenge his conviction under § 2241, contending § 2255's saving clause applies. See Pet. at 11.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir.), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only under vary narrow circumstances does § 2255's saving clause allow a federal prisoner to seek relief under § 2241:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017), cert. denied sub nom. Bernard v. Jarvis, 138 S. Ct. 1164 (2018) (citing McCarthan, 851 F.3d at 1092-93). McCarthan makes

2

clear that "'ordinary sentencing challenges' may not be brought under § 2241." Donaldson v. Warden, FCI Coleman Medium, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting McCarthan, 851 F.3d at 1092). "[A]ny 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after McCarthan." Id.

Accordingly, if a petitioner could have raised his claim in a § 2255 motion, even if that claim would have been unsuccessful, the remedy is adequate and effective. McCarthan, 851 F.3d at 1086, 1090. See also Strouse v. Warden, USP Coleman II, 777 F. App'x 468, 469 (11th Cir. 2019) (holding the saving clause did not apply because the petitioner's claim "could and should have been raised in a § 2255 motion" even if subject to dismissal because of a procedural bar or binding precedent); Bernard, 686 F. App'x at 730 (clarifying that, under the McCarthan test, "the only relevant consideration [for application of the saving clause] is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion").

Petitioner is not entitled to proceed under § 2241 because he could have raised his claims in his § 2255 motion, and the limited circumstances under which § 2255's saving clause applies are not present here. Importantly, Petitioner does not challenge the

3

execution or calculation of his sentence. See Pet. at 12, 14, 16. Additionally, the sentencing court remains available. Petitioner asserts the saving clause applies because a remedy under § 2255 was inadequate given a Supreme Court decision, Rehaif v. United States, 139 S. Ct. 2191 (2019), which was decided after Petitioner sought post-conviction relief. See Pet. at 8, 14.[2] In Rehaif, the Court held a conviction under § 922(g)(1) requires the government to prove the defendant knowingly violated each element of the statute including the "status" element, which, in that case, was the defendant's status as an illegal or unlawful alien. Id. at 2195-96, 2198.

Petitioner argues he could not have violated § 922(g)(1) because he did not know he was a convicted felon when he carried ammunition. See Pet. at 12. As such, he contends, he did not "knowingly" belong to the "relevant category or persons barred from possessing" ammunition. Id. See also Rehaif, 139 S. Ct. at 2200. Petitioner asserts he could not have raised this argument in his § 2255 motion because the Rehaif decision had not yet been decided. See Pet. at 12. To the extent Petitioner argues a change

---

[2] Petitioner also advances other grounds challenging his conviction, including that a prior robbery conviction no longer qualifies as a violent felony, and the ineffective assistance of his federal public defender. See Pet. at 14, 16. Petitioner does not contend he could not have raised these arguments in his § 2255 motion. See id.

4

in the law provides a new theory by which he may challenge his conviction, McCarthan forecloses his argument that relief under § 2255 was inadequate. See McCarthan, 851 F.3d at 1080.

In McCarthan, the petitioner argued the saving clause applied because after the court decided his motion to vacate under § 2255, there was a change in caselaw interpreting the Armed Career Criminal Act's sentence enhancement provision. Id. at 1079. The court overruled eighteen years of precedent and held "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" Id. at 1080 (quoting 28 U.S.C. § 2255(e)). The court stressed, the term "remedy" as used in § 2255(e) "does not promise 'relief.'" Id. at 1086. The court continued:

> The "means" are not inadequate when circuit precedent forecloses relief on a claim. The remedy of a motion to vacate permitted [the petitioner] to bring his claim and seek en banc or Supreme Court review to change the substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence. A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of "enforc[ing]" or "redress[ing]" the right. The motion to vacate is an adequate remedy for [the petitioner] because if he succeeds, the court must "vacate and set the judgment aside" and either release or retry him. 28 U.S.C. § 2255(b).

Id.

Even if Rehaif changed the applicable law under which Petitioner was convicted, a change in caselaw does not mean the remedy available under § 2255 was inadequate or ineffective. Id. Importantly, however, in Rehaif, the Court did not change the applicable law. Rather, the Supreme Court clarified Congress's intent with respect to the term "knowingly," by applying the statutory interpretive maxim that there is a "presumption in favor of 'scienter'" when conduct is criminalized. 139 S. Ct. at 2195. In fact, the Court held there was no reason to "depart" from the "longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" Id. (emphasis added) (quoting United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994)).

That the Court analyzed the scienter requirement of § 922(g)(1) in 2019 did not prevent Petitioner from arguing (either during plea negotiations, at a trial,[3] or in his post-trial motion) that the government could not prove the "status" element. To the extent Petitioner suggests his trial counsel was ineffective, he could and should have raised such an argument in his § 2255 motion.

---

[3] Petitioner could have proceeded to trial, but he chose to enter a guilty plea. As such, he waived his right to have the government prove the charges against him.

As such, Petitioner fails to demonstrate the remedy under § 2255 was "inadequate or ineffective to test the legality of his detention." See § 2255(e). Petitioner may not use the saving clause as a mechanism "to [obtain] an additional round of collateral review of his sentence." McCarthan, 851 F.3d at 1079.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of December, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Brian Braman Thomas

7